**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.** |
| ) | |
| **EGGERMAN INVESTMENT CO.,** ) | |
| **LESLIE EGGERMAN, and JEAN** ) | |
| **EGGERMAN,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff, the United States of America, by and through its undersigned counsel, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jane Rund, Assistant United States Attorney for said District, and for its cause of action the Defendants, state as follows:

1. Plaintiff is the United States of America ("United States") and this Court has jurisdiction over the subject matter of this action by virtue of Title 28, United States Code, Section 1345. This is a debt collection action pursuant to the Federal Debt Collection Improvement Act of 1996, 31 U.S.C. §3701, *et seq.*

2. Defendant Eggerman Investment Co. is a Missouri Corporation within the boundaries of the Northern Division of the Eastern District of Missouri.

3. Co-Defendants Leslie Eggerman and Jean Eggerman, President and Secretary of Eggerman Investment Co., reside within the boundaries of the Northern Division of the Eastern District of Missouri.

1

4.   Defendants Eggerman Investment Co, Leslie Eggerman, and Jean Eggerman are indebted to Plaintiff United States of America in the amount $166,121.44, which includes a principal amount of $107,916.46, interest of $14,157.63 and costs and administrative fees of $44,047.35, pursuant to 31 U.S.C. §§ 3717(e), 3711 (g)(6), and 28 U.S.C. §527.  This debt arose in connection with the Codefendants' January 2013 default on a $134,000 Small Business Administration loan.   Attached hereto as Exhibit "1" and "Exhibit "2" are the February 27, 2004 Note and Loan Authorization Agreement signed by Defendants Leslie Eggerman and Jean Eggerman as President and Secretary of Eggerman Investment Co.

5.   Defendants Leslie Eggerman and Jean Eggerman also signed an Unconditional Guarantee, as individuals, making themselves personally liable for the loan repayment. Attached hereto as Exhibit "3" is the Unconditional Guarantee dated February 27, 2004.

6.   Defendants Eggerman Investment Co., Leslie Eggerman and Jean Eggerman made regular monthly payments according to the terms of the Note between August 2004 and October 2012, but defaulted on the loan as of January 2013.  Defendants then made only sporadic payments between January 2013 and July 2013.

7.   In addition to collection efforts by a private collection agency, on October 14, 2014, demand letters were sent by the Department of Treasury Financial Management Service to Defendants Eggerman Investment Co., Leslie Eggerman, and Jean Eggerman.  Attached hereto as Exhibit "4" are the Demand Letters dated October 14, 2014.

8.   Demand letters were sent again to Defendants Eggerman Investment Co, Leslie Eggerman, and Jean Eggerman on July 23, 2018, and are attached hereto as Exhibit "5" as Letter from Department of Treasury Financial Management Service.

9.   Attached hereto as Exhibit "6" is a Certificate of Indebtedness prepared by the U. S.

Department of the Treasury, Financial Management Service, acting on behalf of U. S. Small Business Administration, establishing the basis for Defendants' liability of a total debt of $166,121.44.

10. Defendants Eggerman Investment Co., Leslie Eggerman and Jean Eggerman have failed to repay the aforesaid sum although demand has been duly made.

WHEREFORE, the United States of America prays for judgment against the Defendants Eggerman Investment Co., Leslie Eggerman, and Jean Eggerman in the sum of $107,916.46 principal, with interest of $14,157.63, and administrative fees of $44,047.35, for a total of $166,121.44, and for such other and further relief as the Court may deem proper.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

/s/ Jane Rund

JANE RUND   #47298 MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
St. Louis, MO 63102
(314) 539-7636
(314) 539-2287  fax
Email:  Jane.Rund@usdoj.gov



| U.S. Small Business Adminstration | Date: **February 27, 2004** |
|---|---|
| **NOTE** | Loan Amount: **$134,400.00** |
| (SECURED DISASTER LOANS) | Annual Interest Rate: **3.500%** |

Control # 9U18-00004          Loan # EIDL 72157540-07

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of <u>One Hundred Thirty-Four Thousand Four Hundred and no/100</u> Dollars, interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS: A)** "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. **B)** "Guarantor" means each person or entity that signs a guarantee of payment of this Note. **C)** "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of $615.00 every **month** beginning **Five (5)** months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable <u>Thirty (30) Years</u> from the date of the Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: **A)** Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; **B)** Defaults on any other SBA loan; **C)** Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; **D)** Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; **E)** Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; **F)** Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; **G)** Fails to pay any taxes when due; **H)** Becomes the subject of a proceeding under any bankruptcy or insolvency law; **I)** Has a receiver or liquidator appointed for any part of their business or property; **J)** Makes an assignment for the benefit of creditors; **K)** Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; **L)** Dies; **M)** Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, **N)** Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: **A)** Require immediate payment of all amounts owing under this Note; **B)** Have recourse to collect all amounts owing from any Borrower or Guarantor; **C)** File suit and obtain judgment; **D)** Take possession of any Collateral; or, **E)** Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: **A)** Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; **B)** Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; **C)** Release anyone obligated to pay this Note; **D)** Compromise, release, renew, extend or substitute any of the Collateral; and **E)** Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7. **WHEN FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.



GOVERNMENT EXHIBIT



ORIGINAL          Page 1

8. **GENERAL PROVISIONS: A)** All individuals and entities signing this Note are jointly and severally liable. **B)** Borrower waives all suretyship defenses. **C)** Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. **D)** SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. **E)** Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. **F)** If any part of this Note is unenforceable, all other parts remain in effect. **G)** To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. **H)** SBA may sell or otherwise transfer this Note.

9. **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

Corporate Seal

Corporate Execution

Eggerman Investment Co.

By: Leslie Eggerman, President

By: Jean A. Eggerman, Secretary



GOVERNMENT
EXHIBIT
2

Control # 9U18-00004
Secured Economic Injury Disaster Loan

**U. S. Small Business Administration**

## LOAN AUTHORIZATION AND AGREEMENT

Date: February 26, 2004

On the above date, this Administration (SBA) authorized (under Section 7(b) of the Small Business Act, as amended (Loan Number **EIDL 72157540-07**) to **Eggerman Investment Co.** (Borrower) of Post Office Box 279, Brookfield, 64628 in the amount of One Hundred Thirty-Four Thousand Four Hundred and no/100 ($134,400.00) Dollars following conditions:

1.  **PAYMENT TERMS**

    A.  Interest will accrue at the rate of 3.500% per annum; installment payments, including principal and in Six Hundred Fifteen and no/100 ($615.00) Dollars monthly, will begin Five (5) months from the da promissory Note. The balance of principal and interest will be payable Thirty (30) Years from the d promissory Note.

    B.  Each payment will be applied first to interest accrued to the date of receipt of each payment, and the if any, will be applied to principal.

    C.  Each payment will be made when due even if at that time the full amount of the Loan has not yet been or the authorized amount of the Loan has been reduced.

    D.  Interest will accrue only on funds actually advanced from the date(s) of each advance.

2.  **COLLATERAL**

    Borrower will provide the following collateral:

    A.  Security Interest in machinery and equipment (excluding automotive), furniture and fixtures, inver accounts receivable, now owned, hereafter acquired, or purchased in whole or in part from the procee Loan, and/or the proceeds of any disposition thereof.

3.  **GUARANTEE**

    Borrower will provide the following guarantee(s):

    A.  Guarantor will provide a guarantee on SBA Form 2128 of Leslie Eggerman and Jean A. Eggerman of Circle, Brookfield, MO 64628, secured by the following collateral:

        (1) Deed of Trust/Mortgage on real estate located at 150 East Circle, Brookfield, Missouri 64628. S of Trust/Mortgage to be subject only to the following:

            (a) Trust Deed/Mortgage held by Citizens Bank and Trust, 515 Washington Street, Chillicothe, M with a current approximate balance of $33,000.00.

4.  **REQUIREMENTS RELATIVE TO COLLATERAL**

    A.  Borrower will submit to SBA evidence of SBA's recorded lien position and of payment of appropriate to the disbursement of Loan funds in excess of $5,000.00. Such evidence will be in a form satisfactor

C.   Borrower will neither seek nor accept future advances under any superior liens on the collateral securing this Loan without prior written consent of SBA.

5.   **USE OF LOAN PROCEEDS**

Borrower will use the proceeds of this Loan solely to alleviate economic injury caused by Disaster occurring in the month of June 1, 2002 and continuing. Borrower will apply all Loan proceeds to the following specific uses:

A.   Approximately $46,900.00 as payment on account(s) payable to Carrier Corporation.

B.   Approximately $11,000.00 as payment on account(s) payable to Maytag Corporation.

C.   Approximately $1,900.00 as payment on account(s) payable to TF Errhart Company.

D.   Approximately $3,900.00 as payment on account(s) payable to Marcone Appliances.

E.   Approximately $3,100.00 as payment on account(s) payable to Crescent Parts.

F.   Approximately $3,300.00 for working capital.

G.   Approximately $2,200.00 as payment on note payable to Citizens Bank and Trust.

H.   Approximately $62,100.00 for working capital.

6.   **REQUIREMENTS FOR USE OF LOAN PROCEEDS AND RECEIPTS**

A.   Borrower will obtain and itemize receipts (paid receipts, paid invoices or cancelled checks) and contracts for all Loan funds spent and retain these receipts for 3 years from the date of the final disbursement. Prior to each subsequent disbursement (if any) and whenever requested by SBA, Borrower will submit to SBA such itemization together with copies of the receipts.

B.   Borrower will make the damaged, repaired or replacement property(ies) available to SBA for inspection and verification of the use of Loan proceeds when so requested.

C.   Borrower will return to SBA, as soon as possible but not later than 1 year from the date of final disbursement, all funds received but not used for disaster repairs as authorized by the above paragraph. Funds so returned will be used to reduce the outstanding balance of this Loan and will not be applied in lieu of scheduled payments.

D.   Borrower will not use any proceeds of this Loan to pay wages or any other compensation for repair work performed by Borrower or members of Borrower's immediate family, or to pay overhead or profit for repairs performed by, or materials acquired from, a business in which Borrower owns a 50% or greater interest.

E.   Borrower will not use, directly or indirectly, any portion of the proceeds of this Loan to relocate without the prior written permission of SBA. The law prohibits the use of any portion of the proceeds of this Loan for voluntary relocation from the business area in which the disaster occurred. To request SBA's prior written permission to relocate, Borrower will present to SBA the reasons therefore and a description or address of the relocation site. Determinations of (1) whether a relocation is voluntary or otherwise, and (2) whether any site other than the disaster-affected location is within the business area in which the disaster occurred, will be made solely by SBA.

F.   Borrower will, to the extent feasible, purchase only American-made equipment and products with the proceeds of this Loan.

7. <u>DEADLINE FOR RETURN OF LOAN CLOSING DOCUMENTS</u>

**Loan closing documents must be signed and returned to SBA within 2 months from the date of this Loan Authorization and Agreement.** SBA will cancel this Loan if Borrower fails to meet this deadline. If causes beyond the control of the Borrower result in delay which prevents meeting the deadline, Borrower may submit a written explanation of the delay and request for an extension of this deadline. The deadline may be extended only by SBA in writing.

8. <u>AGREEMENT TO REMIT AND ASSIGNMENT OF COMPENSATION FROM OTHER SOURCES</u>

A. Eligibility for this disaster Loan is limited to disaster losses that are not compensated by other sources. Other sources include but are not limited to: (1) proceeds of policies of insurance or other indemnifications, (2) grants or other reimbursement (including loans) from government agencies or private organizations, (3) claims for civil liability against other individuals, organizations or governmental entities, and (4) salvage (including any sale or re-use) of items of damaged property.

B. Borrower will promptly notify SBA of the existence and status of any claim or application for such other compensation, and of the receipt of any such compensation, and Borrower will promptly submit the proceeds of same (not exceeding the outstanding balance of this Loan) to SBA.

C. Borrower hereby assigns to SBA the proceeds of any such compensation from other sources and authorizes the payor of same to deliver said proceeds to SBA at such time and place as SBA shall designate.

D. SBA will in its sole discretion determine whether any such compensation from other sources is a duplication of benefits. SBA will use the proceeds of any such duplication to reduce the outstanding balance of this Loan, and Borrower agrees that such proceeds will not be applied in lieu of scheduled payments.

9. <u>DUTY TO MAINTAIN INSURANCE</u>

A. Prior to disbursement of Loan funds in excess of $5,000.00, Borrower will purchase hazard insurance, including fire, lightning, and extended coverage equal to 80% of the insurable value of the collateral or the minimum coinsurance requirement set forth in the insurance policy provided by Borrower, whichever is greater, or such other amounts and types of coverage as SBA may require. Borrower will provide proof of such hazard insurance coverage to SBA together with an endorsement naming SBA as mortgagee or loss payee, and Borrower will maintain such coverage throughout the entire term of this Loan.

10. <u>BOOKS AND RECORDS</u>

A. Borrower will maintain current and proper books of account in a manner satisfactory to SBA for the most recent 5 years until 3 years after the date of maturity, including extensions, or the date this Loan is paid in full, whichever occurs first. Such books will include Borrower's financial and operating statements, insurance policies, tax returns and related filings, records of earnings distributed and dividends paid and records of compensation to officers, directors, holders of 10% or more of Borrower's capital stock, members, partners and proprietors.

B. Borrower authorizes SBA to make or cause to be made, at Borrower's expense and in such a manner and at such times as SBA may require: (1) inspections and audits of any books, records and paper in the custody or control of Borrower or others relating to Borrower's financial or business conditions, including the making of copies thereof and extracts therefrom, and (2) inspections and appraisals of any of Borrower's assets.

C. Borrower will furnish to SBA, not later than 3 months following the expiration of Borrower's fiscal year and in such form as SBA may require, Borrower's financial operating statements.

D. Upon written request of SBA, Borrower will accompany such statements with an "Accountant's Review Report" prepared by an independent public accountant at Borrower's expense.

E. Borrower authorizes all Federal, State and municipal authorities to furnish reports of examination, records and other information relating to the conditions and affairs of Borrower and any desired information from such reports, returns, files, and records of such authorities upon request of SBA.

11. DISTRIBUTIONS AND COMPENSATION

    A.    Borrower will not, without the prior written consent of SBA, declare or pay any dividend or make any distribution upon its capital stock, or purchase or retire any of its capital stock, or consolidate, or merge with any other company, or give any preferential treatment, make any advance, directly or indirectly, by way of Loan, gift, bonus, or otherwise, to any company directly or indirectly controlling or affiliated with or controlled by Borrower, or any other company, or to any officer, director or employee of Borrower, or of any such company.

12. CONDITIONS RELATIVE TO LEASED PREMISES

    A.    Prior to disbursement of Loan funds in excess of $5,000.00, Borrower will obtain and submit in a form satisfactory to SBA a landlord's waiver covering the Borrower's leased premises. Said waiver must allow SBA free access to such leased premises in case of default or foreclosure in order to remove those items covered in the Security Interest(s) referred to in Paragraph 2 hereof.

13. OTHER CONDITIONS

    A.    If Borrower has or intends to have employees, Borrower will post SBA Form 722, "Equal Opportunity Poster", in Borrower's place of business where it will be clearly visible to employees, applicants for employment, and the general public.

    B.    Prior to disbursement of any Loan funds, Borrower will execute and submit Board of Directors' Resolution on SBA Form 160.

    C.    Prior to disbursement in excess of $5,000.00, Borrower will provide SBA with the following information for each piece of real estate used to secure this Loan:

        (1)    A complete, legible copy of the deed or other document which reflects ownership and contains a legal description. Also provide the commonly known address of the property.

14. BORROWER'S CERTIFICATIONS

Borrower certifies that:

    A.    There has been no substantial adverse change in Borrower's financial condition (and organization, in case of a business borrower) since the date of the application for this Loan. (Adverse changes include, but are not limited to: judgement liens, tax liens, mechanic's liens, bankruptcy, financial reverses, arrest or conviction of felony, etc.)

    B.    No fees have been paid, directly or indirectly, to any representative (attorney, accountant, etc.) for services provided or to be provided in connection with applying for or closing this Loan, other than those reported on SBA Form 5, "Business Disaster Loan Application"; or SBA Form 159, "Compensation Agreement." All fees not approved by SBA are prohibited.

    C.    All representations in the Borrower's Loan application (including all supplementary submissions) are true, correct and complete and are offered to induce SBA to make this Loan.

    D.    No claim or application for any other compensation for disaster losses has been submitted to or requested of any source, and no such other compensation has been received, other than that which Borrower has fully disclosed to SBA.

    E.    Neither the Borrower nor, if the Borrower is a business, any principal who owns at least 50% of the Borrower, is delinquent more than 60 days under the terms of any: (a) administrative order; (b) court order; or (c) repayment agreement that requires payment of child support.

    F.    The Borrower(s) are the owner(s) of and hold legal title to certain real estate property fully described in Section 2--Collateral. Said premises are in my/our possession, and my/our title thereto has never been disputed or questioned as to any part thereof. Said premises are free of all mortgages, taxes, assessments, liens, encumbrances, and claims, or interest of any other party, except as listed in Section 2 of this document. There are no actions pending affecting said real property.

15. CIVIL AND CRIMINAL PENALTIES

  A. Criminal Penalties:  Any person who knowingly makes a false statement or misrepresentation to SBA shall be subject to a fine of not more than $10,000.00 or to imprisonment for not more than 5 years, or both, under provisions of 18 U.S.C. 1001 and/or 15 U.S.C. 645.

  B. Civil Penalties:  Public Law 92-385 provides that for all disaster Loans made after August 16, 1972, anyone who wrongfully misapplies the proceeds of a disaster Loan shall be civilly liable to the Administrator in an amount equal to one and one-half times the original principal amount of the Loan.

16. RESULT OF VIOLATION OF THIS LOAN AUTHORIZATION AND AGREEMENT

  A. If Borrower violates any of the terms or conditions of this Loan Authorization and Agreement, the Loan will be in default and SBA may declare all or any part of the indebtedness immediately due and payable.  SBA's failure to exercise its rights under this paragraph will not constitute a waiver.

  B. A default (or any violation of any of the terms and conditions) of any SBA Loan(s) to Borrower and/or its affiliates will be considered a default of all such Loan(s).

17. DISBURSEMENT OF THE LOAN

  A. Disbursements will be made by and at the discretion of SBA Counsel, in accordance with this Loan Authorization and Agreement and the general requirements of SBA.

  B. Disbursements may be made in increments as needed.

  C. Other conditions may be imposed by SBA pursuant to general requirements of SBA.

  D. Disbursement may be withheld if, in SBA's sole discretion, there has been an adverse change in Borrower's financial condition or in any other material fact represented in the Loan application, or if Borrower fails to meet any of the terms or conditions of this Loan Authorization and Agreement.

  E. **NO DISBURSEMENT WILL BE MADE LATER THAN 6 MONTHS FROM THE DATE OF THIS LOAN AUTHORIZATION AND AGREEMENT.**

18. PARTIES AFFECTED

  A. This Loan Authorization and Agreement will be binding upon Borrower and Borrower's successors and assigns and will inure to the benefit of SBA and its successors and assigns.

19. __DATE__

    A.   This Loan Authorization and Agreement is approved and issued on __February 26, 2004__.

                  Hector V. Barreto
                  Administrator

                  Charon Coonfield
                  Supervisory Loan Officer
                  U.S. Small Business Administration

The undersigned agree(s) to be bound by the terms and conditions herein during the term of this Loan, and further agree(s) that no provision stated herein will be waived without prior written consent of SBA.

Eggerman Investment Co.

By: Leslie Eggerman         3-4-04
Leslie Eggerman, President     Date

By: Jean A. Eggerman       3-4-04
Jean A. Eggerman, Secretary     Date

__Note:__ Corporate Borrowers must execute Loan Authorization and Agreement in corporate name, by a duly authorized officer, and seal must be affixed and duly attested; partnership Borrowers must execute in firm name, together with signature of a general partner. Limited liability entities must execute in the entity name by the signature of the authorized managing person.



U.S. Small Business Administration

# UNCONDITIONAL GUARANTEE

## (DISASTER LOANS)

| SBA Loan # | EIDL 72157540-07 |
|---|---|
| Control # | 9U18-00004 |
| Guarantor | Leslie Eggerman and Jean A. Eggerman |
| Borrower | Eggerman Investment Co. |
| Date | February 27, 2004 |
| Note Amount | $134,400.00 |

1. **GUARANTEE:**

   Guarantor unconditionally guarantees payment to SBA of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when SBA makes written demand upon Guarantor. SBA is not required to seek payment from any other source before demanding payment from Guarantor.

2. **NOTE:**

   The "Note" is the promissory note dated <u>February 27, 2004</u> in the principal amount of <u>One Hundred Thirty-Four Thousand Four Hundred and no/100</u> Dollars, from Borrower to SBA. It includes any assumption, renewal, substitution, or replacement of the Note.

3. **DEFINITIONS:**

   "Collateral" means property, if any, taken as security for payment of the Note or any guarantee of the Note.

   "Loan" means the loan evidenced by the Note.

   "Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.

   "SBA" means the Small Business Administration, an Agency of the United States of America.

4. **SBA'S GENERAL POWERS:**

   SBA may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

   A. Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;

   B. Refrain from taking any action on the Note, the Collateral, or any guarantee;

   C. Release any Borrower or any guarantor of the Note;

   D. Compromise or settle with the Borrower or any guarantor of the Note;

   E. Substitute or release any of the Collateral, whether or not SBA receives anything in return;

   F. Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;

ORIGINAL



G. Bid or buy at any sale of Collateral by SBA or any other lienholder, at any price SBA chooses; and

H. Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against SBA.

5. **FEDERAL LAW:**

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6. **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**

To the extent permitted by law,

A. Guarantor waives all rights to:

  1) Require presentment, protest, or demand upon Borrower;

  2) Redeem any Collateral before or after SBA disposes of it;

  3) Have any disposition of Collateral advertised; and

  4) Require a valuation of Collateral before or after SBA disposes of it.

B. Guarantor waives any notice of:

  1) Any default under the Note;

  2) Presentment, dishonor, protest, or demand;

  3) Execution of the Note;

  4) Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;

  5) Any change in the financial condition or business operations of Borrower or any guarantor;

  6) Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and

  7) The time or place of any sale or other disposition of Collateral.

C. Guarantor waives defenses based upon any claim that:

  1) SBA failed to obtain any guarantee;

  2) SBA failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;

  3) SBA or others improperly valued or inspected the Collateral;

  4) The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;

  5) SBA impaired the Collateral;

  6) SBA did not dispose of any of the Collateral;

  7) SBA did not conduct a commercially reasonable sale;

  8) SBA did not obtain the fair market value of the Collateral;

  9) SBA did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;

  10) The financial condition of Borrower or any guarantor was overstated or has adversely changed;

  11) SBA made errors or omissions in Loan Documents or administration of the Loan;

  12) SBA did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor;

  13) SBA impaired Guarantor's suretyship rights;

  14) SBA modified the Note terms, other than to increase amounts due under the Note. If SBA modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;

  15) Borrower has avoided liability on the Note; or



9U18-00004 / EIDL 72157540-07
Eggerman Investment Co.

16) SBA has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

7. **DUTIES AS TO COLLATERAL:**

Guarantor will preserve the Collateral, if any, pledged by Guarantor to secure this Guarantee. SBA has no duty to preserve or dispose of any Collateral.

8. **SUCCESSORS AND ASSIGNS:**

Under this Guarantee, Guarantor includes successors, and SBA includes successors and assigns.

9. **GENERAL PROVISIONS:**

A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses SBA incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

B. SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.

C. JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.

D. DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral.

E. FINANCIAL STATEMENTS. Guarantor must give SBA financial statements as SBA requires.

F. SBA'S RIGHTS CUMULATIVE, NOT WAIVED. SBA may exercise any of its rights separately or together, as many times as it chooses. SBA may delay or forgo enforcing any of its rights without losing or impairing any of them.

G. ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.

H. SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

I. CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by SBA as to the Loan.

10. **GUARANTOR ACKNOWLEDGMENT OF TERMS.**

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

11. **GUARANTOR NAME(S) AND SIGNATURE(S):**

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

Leslie Eggerman

Jean A. Eggerman

(Page 1 of 1)

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
P. O. BOX 830794
BIRMINGHAM, AL  35283-0794

October 14, 2014

   EGGERMAN INVESTMENT CO.
POST OFFICE BOX 279
BROOKFIELD, MO  64628

FedDebt Case Identification: 2014277872A
Agency Debt Identification: 7215754007

Your unpaid delinquent debt owed to the Small Business Administration, Small Business Administration, Business & Disaster Loans w/Real Estate Collaterals, has been referred to the U.S. Department of the Treasury for collection. According to the records of the Small Business Administration, you owe $112,017.75.

Collection action will continue unless you make payment, within ten (10) days from the date of this letter, in the amount of $143,382.72, which includes all applicable fees, interest, and penalties, as of today.

If you wish to avoid further collection action and additional charges, you must immediately pay your debt.  Your check or money order should be made payable to the U.S. Treasury-FMS.  To ensure proper credit to your account, please include the FedDebt Case Identification Number 2014277872A in the memo section of your payment.  Please note that we accept credit card payments via MasterCard, Visa, Discover, or American Express.  Please send your payment with the attached PAYMENT COUPON to:  U.S. Department of the Treasury - FMS
                                          Debt Management Services
                                          Post Office Box 979101
                                          St. Louis, MO  63197-9000

You may also make an electronic payment via pay.gov:
            (https://www.pay.gov/paygov/forms/formInstance.html?agencyFormId=16531440).

Correspondence should be mailed to:  U.S. Department of the Treasury
                                     Debt Management Services
                                     Post Office Box 830794
                                     Birmingham, AL  35283-0794

If you are unable to pay your debt in full, please contact a Customer Service Representative toll free at (888) 826-3127, or the Telecommunications Device for the Deaf (TDD) at (866) 896-2947.

U. S. Department of the Treasury
Debt Management Services

DSBDL   003   fdv1              Detach Here        00000005642014277872A DL   0014448050 108
                               PAYMENT COUPON

                               FedDebt Case Identification Number:   2014277872A
                                                    Amount Due:   $143,382.72
    EGGERMAN INVESTMENT CO.                          Amount Enclosed:
    POST OFFICE BOX 279
    BROOKFIELD, MO  64628
                                            METHOD OF PAYMENT (check one)
                                                        to:
                                                                                      :ck
                                                                                      ess
                                            Credit Card Account Number:                __

  Remit to:                                 Expiration Date: _____  Authorized Amount:   _
  U.S. Department of the Treasury -- FMS
  Debt Management Services                  Authorized Signature:                            _
  Post Office Box 979101
  St. Louis, MO  63197-9000                                                                 _

                                                                            
          979101  2014277872A  0014338272  1



DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
P. O. BOX 830794
BIRMINGHAM, AL  35283-0794

October 14, 2014

 JEAN EGGERMAN
P.O. BOX 279
BROOKFIELD, MO  64628

FedDebt Case Identification: 2014277872C
Agency Debt Identification: 7215754007

Your unpaid delinquent debt owed to the Small Business Administration, Small Business Administration, Business &
Disaster Loans w/Real Estate Collaterals, has been referred to the U.S. Department of the Treasury for collection.
According to the records of the Small Business Administration, you owe $112,017.75.

Collection action will continue unless you make payment, within ten (10) days from the date of this letter, in the amount
of $143,382.72, which includes all applicable fees, interest, and penalties, as of today.

If you wish to avoid further collection action and additional charges, you must immediately pay your debt.  Your check
or money order should be made payable to the U.S. Treasury-FMS.  To ensure proper credit to your account, please
include the FedDebt Case Identification Number 2014277872C in the memo section of your payment.  Please note that
we accept credit card payments via MasterCard, Visa, Discover, or American Express.  Please send your payment with
the attached PAYMENT COUPON to:   U.S. Department of the Treasury - FMS
                                    Debt Management Services
                                    Post Office Box 979101
                                    St. Louis, MO  63197-9000

You may also make an electronic payment via pay.gov:
          (https://www.pay.gov/paygov/forms/formInstance.html?agencyFormId=16531440).

Correspondence should be mailed to:  U.S. Department of the Treasury
                                     Debt Management Services
                                     Post Office Box 830794
                                     Birmingham, AL  35283-0794

If you are unable to pay your debt in full, please contact a Customer Service Representative toll free at (888) 826-3127,
or the Telecommunications Device for the Deaf (TDD) at (866) 896-2947.

U. S. Department of the Treasury
Debt Management Services

DSBDL   003   fdv1                    Detach Here        0000000565 2014277872C DL   0014458050 108
                                      PAYMENT COUPON

                                      FedDebt Case Identification Number:   2014277872C
                                                           Amount Due:   $143,382.72
                                                      Amount Enclosed:                        _____

JEAN EGGERMAN
P.O. BOX 279
BROOKFIELD, MO  64628                 METHOD OF PAYMENT (check one):
                                                        to:
                                                                                          :ck
                                                                                          ess
                                      Credit Card Account Number:                         __

Remit to:
U.S. Department of the Treasury -- FMS   Expiration Date: _____  Authorized Amount:   __
Debt Management Services
Post Office Box 979101                   Authorized Signature:                            __
St. Louis, MO  63197-9000

          979101  2014277872C  0014336272  7

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
P. O. BOX 830794
BIRMINGHAM, AL 35283-0794

October 14, 2014



LESLIE EGGERMAN
POST OFFICE BOX 279
BROOKFIELD, MO 64628

FedDebt Case Identification: 2014277872B
Agency Debt Identification: 7215754007

Your unpaid delinquent debt owed to the Small Business Administration, Small Business Administration, Business &
Disaster Loans w/Real Estate Collaterals, has been referred to the U.S. Department of the Treasury for collection.
According to the records of the Small Business Administration, you owe $112,017.75.

Collection action will continue unless you make payment, within ten (10) days from the date of this letter, in the amount
of $143,382.72, which includes all applicable fees, interest, and penalties, as of today.

If you wish to avoid further collection action and additional charges, you must immediately pay your debt.  Your check
or money order should be made payable to the U.S. Treasury-FMS.  To ensure proper credit to your account, please
include the FedDebt Case Identification Number 2014277872B in the memo section of your payment.  Please note that
we accept credit card payments via MasterCard, Visa, Discover, or American Express.  Please send your payment with
the attached PAYMENT COUPON to:   U.S. Department of the Treasury - FMS
                                    Debt Management Services
                                    Post Office Box 979101
                                    St. Louis, MO 63197-9000

You may also make an electronic payment via pay.gov:
            (https://www.pay.gov/paygov/forms/formInstance.html?agencyFormId=16531440).

Correspondence should be mailed to:  U.S. Department of the Treasury
                                     Debt Management Services
                                     Post Office Box 830794
                                     Birmingham, AL 35283-0794

If you are unable to pay your debt in full, please contact a Customer Service Representative toll free at (888) 826-3127,
or the Telecommunications Device for the Deaf (TDD) at (866) 896-2947.

U. S. Department of the Treasury
Debt Management Services

DSBDL   003   fdv1          Detach Here      00000005632014277872B DL   0014438050 108
                            PAYMENT COUPON

                            FedDebt Case Identification Number:  2014277872B
                                                Amount Due:  $143,382.72
                                            Amount Enclosed:

LESLIE EGGERMAN
POST OFFICE BOX 279
BROOKFIELD, MO 64628               METHOD OF PAYMENT (check one)
                                            to:
                                                                          eck
                                                                          ess

                                   Credit Card Account Number:

Remit to:                          Expiration Date: _____   Authorized Amount:
U.S. Department of the Treasury -- FMS
Debt Management Services           Authorized Signature:
Post Office Box 979101
St. Louis, MO 63197-9000

            979101  2014277872B  0014338272  9

**United States Department of Justice**
**Nationwide Central Intake Facility (NCIF)**
**2 Constitution Square**
**145 N. Street, NE 6W.316**
**Washington, DC 20530**



July 23, 2018

Eggerman Investment Co.
109 South Main Street
Brookfield, MO 64628

| Re: | Case Name | US VS |
|---|---|---|
| | **Account Number:** | **2018A54755/001** |
| | **Total Amount Due:** | **$166,121.44** |
| | **Payment Due Date:** | **Immediately** |

*This is a demand for payment of the above-referenced debt. If you are currently represented by an attorney, please advise this office so that future correspondence may be directed to your attorney.*

Dear Eggerman Investment Co.:

The DEPARTMENT OF THE TREASURY has referred your debt in the above referenced amount to the United States Attorney Office/Missouri-Eastern District to initiate a federal court legal action against you and may obtain a civil judgment in the United States District Court for the collection of this debt. In the event an action is filed, that office will seek additional costs and fees which will be added to your debt.

**To avoid legal action against you and further increases to the amount you owe, you should pay this debt in full, immediately upon receipt of this letter, or contact the United States Attorney Office /Missouri-Eastern District at 314-539-2200 to discuss this debt. If you or your attorney does not contact this office the following may occur:**

o **The federal court can enter a judgment ordering you to pay. Judgments do not expire and may appear on your credit report.**

o **A lien may be placed on any property you own, which means you cannot sell or transfer your property until the debt has been paid in full.**

o **Enforcement of the judgment may include attachment or execution of your non-exempt personal property, offset of your federal tax refund, and garnishment of your wages.**

**Act now and prevent the above actions from happening to you.**

**How do you pay your debt?**

• **Pay Online:** Visit https://pay.gov/public/form/start/5137251

• **Pay by Mail:** Send a check or money order payable to the U.S. Department of Justice in the enclosed, self-addressed envelope and include your name and the above referenced account number on the face of your check. To pay by credit card, use the form on the back of this letter.

Sincerely,
United States Department of Justice
Debt Collection Management
Nationwide Central Intake Facility



Debit  Card Type_____
Card No._____
Expiration  Date_____
Payment  Amount_____

**If payment amount is not indicated, I authorize the Department of Justice to charge my card for the payment amount due.**

Signature_____

☐   **Check here for change of address and notate below.**

| Account Number | 2018Λ54755/001 |
|---|---|
| Name | Eggerman Investment Co. |
| Payment Due Date | Immediately |
| Total Amount Due | $166,121.44 |
| Amount Enclosed | |

**MAIL COUPON TO;**
**US DEPARTMENT OF JUSTICE**
**NATIONWIDE CENTRAL INTAKE FACILITY**
**P.O. Box 790363**
**St. Louis, MO 63179-0363**

**United States Department of Justice**
**Nationwide Central Intake Facility (NCIF)**
**2 Constitution Square**
**145 N. Street, NE 6W.316**
**Washington, DC 20530**



July 23, 2018

Leslie Eggerman
150 East Circle Drive
Brookfield, MO 64628

| **Re:** | **Case Name** | **US VS** |
|---|---|---|
| | **Account Number:** | **2018A54755/001** |
| | **Total Amount Due:** | **$166,121.44** |
| | **Payment Due Date:** | **Immediately** |

*This is a demand for payment of the above-referenced debt. If you are currently represented by an attorney, please advise this office so that future correspondence may be directed to your attorney.*

Dear Leslie Eggerman:

The DEPARTMENT OF THE TREASURY has referred your debt in the above referenced amount to the United States Attorney Office/Missouri-Eastern District to initiate a federal court legal action against you and may obtain a civil judgment in the United States District Court for the collection of this debt. In the event an action is filed, that office will seek additional costs and fees which will be added to your debt.

**To avoid legal action against you and further increases to the amount you owe, you should pay this debt in full, immediately upon receipt of this letter, or contact the United States Attorney Office /Missouri-Eastern District at 314-539-2200 to discuss this debt. If you or your attorney does not contact this office the following may occur:**

- o **The federal court can enter a judgment ordering you to pay. Judgments do not expire and may appear on your credit report.**
- o **A lien may be placed on any property you own, which means you cannot sell or transfer your property until the debt has been paid in full.**
- o **Enforcement of the judgment may include attachment or execution of your non-exempt personal property, offset of your federal tax refund, and garnishment of your wages.**

**Act now and prevent the above actions from happening to you.**

**How do you pay your debt?**

- • **Pay Online:** Visit https://pay.gov/public/form/start/5137251
- • **Pay by Mail:** Send a check or money order payable to the U.S. Department of Justice in the enclosed, self-addressed envelope and include your name and the above referenced account number on the face of your check. To pay by credit card, use the form on the back of this letter.

Sincerely,
United States Department of Justice
Debt Collection Management
Nationwide Central Intake Facility

Debit Card Type_____
Card No._____
Expiration Date_____
Payment Amount_____

If payment amount is not indicated, I authorize the
Department of Justice to charge my card for the payment
amount due.

Signature_____

☐ Check here for change of address and notate below.

| Account Number | 2018A54755/001 |
|---|---|
| Name | Leslie Eggerman |
| Payment Due Date | Immediately |
| Total Amount Due | $166,121.44 |
| Amount Enclosed | |

MAIL COUPON TO;
US DEPARTMENT OF JUSTICE
NATIONWIDE CENTRAL INTAKE FACILITY
P.O. Box 790363
St. Louis, MO 63179-0363

**United States Department of Justice**
**Nationwide Central Intake Facility (NCIF)**
**2 Constitution Square**
**145 N. Street, NE 6W.316**
**Washington, DC 20530**

July 23, 2018

Jean Eggerman
150 East Circle Drive
Brookfield, MO 64628

| **Re:** | **Case Name** | **US VS** |
|---|---|---|
| | **Account Number:** | **2018A54755/001** |
| | **Total Amount Due:** | **$166,121.44** |
| | **Payment Due Date:** | **Immediately** |

*This is a demand for payment of the above-referenced debt. If you are currently represented by an attorney, please advise this office so that future correspondence may be directed to your attorney.*

Dear Jean Eggerman:

The DEPARTMENT OF THE TREASURY has referred your debt in the above referenced amount to the United States Attorney Office/Missouri-Eastern District to initiate a federal court legal action against you and may obtain a civil judgment in the United States District Court for the collection of this debt. In the event an action is filed, that office will seek additional costs and fees which will be added to your debt.

**To avoid legal action against you and further increases to the amount you owe, you should pay this debt in full, immediately upon receipt of this letter, or contact the United States Attorney Office /Missouri-Eastern District at 314-539-2200 to discuss this debt. If you or your attorney does not contact this office the following may occur:**

- o **The federal court can enter a judgment ordering you to pay. Judgments do not expire and may appear on your credit report.**
- o **A lien may be placed on any property you own, which means you cannot sell or transfer your property until the debt has been paid in full.**
- o **Enforcement of the judgment may include attachment or execution of your non-exempt personal property, offset of your federal tax refund, and garnishment of your wages.**

**Act now and prevent the above actions from happening to you.**

**How do you pay your debt?**

- • **Pay Online:** Visit https://pay.gov/public/form/start/5137251
- • **Pay by Mail:** Send a check or money order payable to the U.S. Department of Justice in the enclosed, self-addressed envelope and include your name and the above referenced account number on the face of your check. To pay by credit card, use the form on the back of this letter.

Sincerely,
United States Department of Justice
Debt Collection Management
Nationwide Central Intake Facility

Debit  Card Type_____
Card No._____
Expiration  Date_____
Payment  Amount_____

If payment amount is not indicated, I authorize the
Department of Justice to charge my card for the payment
amount due.

Signature_____

☐   Check here for change of address and notate below.

| Account Number | 2018A54755/001 |
|---|---|
| Name | Jean Eggerman |
| Payment Due Date | Immediately |
| Total Amount Due | $166,121.44 |
| Amount Enclosed | |

**MAIL COUPON TO;**
**US DEPARTMENT OF JUSTICE**
**NATIONWIDE CENTRAL INTAKE FACILITY**
**P.O. Box 790363**
**St. Louis, MO 63179-0363**



DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
U.S. SMALL BUSINESS ADMINISTRATION
CERTIFICATE OF INDEBTEDNESS

Debtor Name(s) and
Address(es):

**Eggerman Investment Co.**
**109 South Main Street**
**Brookfield, MO 64628**

**Leslie A. Eggerman**
**150 East Circle Drive**
**Brookfield, MO 64628**

**Jean A. Eggerman**
**150 East Circle Drive**
**Brookfield, MO 64628**

**Total debt due United States as of July 20, 2018:**
**Principal: $107,916.46**
**Interest (@3.5%): $ 14,157.63**
**Treasury and DOJ fee: $ 44,047.35**
**(pursuant to 31 U.S.C. 3717(e) and 3711(g)(6) and 28 U.S.C. 527, Note)**
TOTAL: $166,121.44

I certify that the U. S. Small Business Administration (SBA) records show that the codebtors named above
are indebted to the United States in the amount stated above

The claim arose in connection with the codebtors' January 2013 default on a $134,400.00 SBA loan.

CERTIFICATION:  Pursuant to 28 USC s 1746, I certify under penalty of perjury that the foregoing is true
and correct to the best of my knowledge and belief based upon information provided by the U. S. Small
Business Administration.

Date: 7/20/2018

Regina Crisafulli
Financial Program Specialist
U.S. Department of the Treasury
Bureau of the Fiscal Service



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

UNITED STATES OF
AMERICA                        )
                               )
                               )
                Plaintiff,     )
                               )
        v.                     )   Case No.  4:18CV
EGGERMAN INVESTMENT CO., LESLIE )
EGGERMAN, and JEAN EGGERMAN    )
                               )
                Defendant,     )
                               )

### ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY
WHEN INITIATING A NEW CASE.**

☐   THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____

AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐   THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY

PREVIOUSLY FILED COMPLAINT.  THE RELATED CASE NUMBER IS _____ AND

THAT CASE WAS ASSIGNED TO THE HONORABLE _____.  THIS CASE MAY,

THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒   NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT

COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE

MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date  10/22/2018

_____
Signature of Filing Party

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

EGGERMAN INVESTMENT CO., LESLIE EGGERMAN, and JEAN EGGERMAN

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JANE RUND  #47298 MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|                              | PTF | DEF |                                                | PTF | DEF |
|------------------------------|-----|-----|------------------------------------------------|-----|-----|
| Citizen of This State        | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State     | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| [X] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. 3701
Brief description of cause:
Defendants defaulted on Small Business Administration loan

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
10/22/2018

SIGNATURE OF ATTORNEY OF RECORD
*Jane Rund*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   4:18-CV- |
| EGGERMAN INVESTMENT CO., ET AL. | ) |
| *Defendant* | ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  EGGERMAN INVESTMENT CO., LESLIE EGGERMAN, and JEAN EGGERMAN

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:   10/22/2018

*Signature of the attorney or unrepresented party*

JANE RUND
*Printed name*

111 South Tenth Street, Room 20.333
St. Louis, MO 63102

*Address*

Jane.Rund@usdoj.gov
*E-mail address*

314-539-7636
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Missouri

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:18CV |
| EGGERMAN INVESTMENT CO., ET AL. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  UNITED STATES OF AMERICA
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____10/19/2018_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

                                                       *Signature of the attorney or unrepresented party*

EGGERMAN INVESTMENT CO., ET AL.
*Printed name of party waiving service of summons*

                                                       *Printed name*

                                                          *Address*

                                                      *E-mail address*

                                                     *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| JEAN EGGERMAN | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   UNITED STATES OF AMERICA
       *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____10/22/2018_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
Signature of the attorney or unrepresented party

_____JEAN EGGERMAN_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| LESLIE EGGERMAN | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  UNITED STATES OF AMERICA
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____10/22/2018_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____LESLIE EGGERMAN_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| EGGERMAN INVESTMENT CO. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:   UNITED STATES OF AMERICA

       *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____10/22/2018_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

                                                  *Signature of the attorney or unrepresented party*

       EGGERMAN INVESTMENT CO.

*Printed name of party waiving service of summons*                            *Printed name*

                                                 *Address*

                                               *E-mail address*

                                           *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.